IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-371-FL

| UNITED STATES OF AMERICA | : |
| --- | --- |
|  | : |
| v. | : |
|  | : |
| MAURICE ANTHONY DRUMMOND | : |

**PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement by the defendant on March 16, 2016, and further evidence of record and as presented by the Government, the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), to wit:

Documents/paper/mail taken from Defendant's vehicle and wallet, including wallet

Dell Latitude 2110 ST# C70VSN1

MSR905 Card reader/writer, Serial Number 10112072165

MSR905 Card reader/writer software CD

Adata 4 GB Thumb Drive

iPhone6 cell phone IMEI, 354387060543108

Alcatel One Touch T Mobile cell phone

Brown Luis Vuitton Computer bag;

1

The defendant pled guilty to Counts One and Two of the Criminal Information and agreed to forfeit the specific items of property listed in the Criminal Information.

By virtue of the defendant's guilty plea and agreement, the United States is now entitled to the defendant's interest in and to possession of the personal property, pursuant to Fed. R. Crim. P. 32.2(b)(3);

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. That based upon the Memorandum of Plea Agreement as to the defendant MAURICE ANTHONY DRUMMOND, the United States is hereby authorized to seize the above-stated personal property, and it is hereby forfeited to the United States for disposition in accordance with the law, including destruction, subject to the provisions of 21 U.S.C. §§ 853(n)(1) through (7). In accordance with Fed. R. Crim. P. 32.2(b)(3), this Order is now final as to the defendant.

2. Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish at least once in a newspaper of general circulation notice of the United States' intent to dispose of the property in such a manner as the Attorney General or the Secretary of Treasury may direct, and notice that any person, other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court

2

within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the subject property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

The United States should also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order and Forfeiture Judgment, as a substitute for published notice as to those persons so notified.

3. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853; and

5. Any and all forfeited funds shall be deposited by the U. S. Department of Justice or the U. S. Department of the Treasury, as soon as located or recovered, into the U. S. Department of Justice's Assets Forfeiture Fund or the U. S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

In addition, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order is final as to the defendant.

SO ORDERED. This  4th  day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge