IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-371-FL-1
No. 5:17-CV-373-FL

| | |
|---|---|
| MAURICE ANTHONY DRUMMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (DE 55), and the government's motion to dismiss, (DE 63). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Robert T. Numbers, II entered memorandum and recommendation ("M&R"), (M&R (DE 67)), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the M&R, denies petitioner's motion, and grants respondent's motion.

**BACKGROUND**

On March 16, 2016, pursuant to a written plea agreement, petitioner pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (count one), and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A(a)(1) (count two). The court sentenced petitioner on November 2, 2016, to 51 months' imprisonment on count one and 24 months' imprisonment, consecutive, on count two, for a total of 75 months' imprisonment. Petitioner did not appeal his judgment.

On July 24, 2017, petitioner filed motion to vacate under 28 U.S.C. § 2255, alleging his defense counsel was ineffective for 1) erroneously advising him regarding the "conspiracy" element in count one; 2) failing to conduct an investigation into the interrogation of petitioner on the day of his arrest; and 3) improperly advising the magistrate judge regarding the facts of his case at his arraignment hearing.

On August 28, 2017, the government filed its motion to dismiss petitioner's § 2255 motion. On April 24, 2018, the magistrate judge issued M&R, recommending denial of petitioner's motion and grant of the government's motion. On June 8, 2018, petitioner filed objection to the M&R, presenting the same arguments to this court as petitioner presented in support of his original 2255 motion, (compare DE 72 with DE 64), but additionally and briefly arguing that his guilty plea was "involuntary because the counsel was constitutionally ineffective in assuring Mr. Drummond that the government did not [have] to provide one of the essential elements of the alleged crime in Count One." (DE 72 at 2).

## COURT'S DISCUSSION

A.    Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon

careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694. The Sixth Amendment provides a criminal defendant with the right to competent counsel that "extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012).

Petitioner asserts in his original motion and repeats in his objections to the magistrate judge's recommendations that he "does not dispute the Rule 11 colloquy but suggests the plea is involuntary

3

because the counsel was constitutionally ineffective in assuring Mr. Drummond that the government did not [need] to provide one of the essential elements of the alleged crime in Count One." (DE 72 at 2). In petitioner's original motion, petitioner states his counsel "incompetently advised Movant that the government does not have to prove beyond a reasonable doubt there was at least one other in the conspiracy to commit access device fraud." (DE 55-1 at 2). Petitioner additionally references his affidavit submitted in conjunction with his original motion which states his counsel "failed to explain to me the government has the burden to prove there was an agreement to commit the crime allege[d] with another person." (DE 55-1 at 9).

As addressed by the magistrate judge, petitioner admitted repeatedly that he conspired with others to commit access device fraud and that he was guilty of count one. (See, e.g., M&R (DE 67) at 8 ("When the court questioned whether Drummond had knowingly conspired with others with the intent to defraud, produce, use, or traffic in one or more counterfeit access devices affecting interstate commerce, Drummond admitted that he had."); id. at 9 ("the Plea Agreement, which he signed, acknowledges that Drummond 'and at least one other person combined, conspired, confederated, and agreed . . . to knowingly and with intent to defraud[,] produce, use, or traffic in one or more counterfeit access devices in and affecting interstate commerce[.]'"). It appears, however, that petitioner is not disputing he so admitted, but that he was misinformed that the government had to prove what he admitted.[1]

Petitioner has failed to meet his burden of proof as to this claim. There is no evidence showing any avenues were available to counsel to prove petitioner's innocence or that counsel ever mislead petitioner. Even if petitioner could provide evidence in support of his accusation that

---

[1] In petitioner's original motion, petitioner argues he is innocent of count one, but abandons that argument in his objections to the M&R.

counsel misled him, petitioner has failed to show that there is a reasonable probability that he would not have pleaded guilty but for this misleading. The evidence of petitioner's guilt was significant, where petitioner had provided unprotected statements to the United States Secret Service, submitted written statement regarding his guilt, and a search of petitioner's electronic devices discovered 865 stolen credit, debit, or gift card numbers as well as the presence of card reader software. (See DE 38 ¶ 8; see also id. ¶ 6 ("[Petitioner] advised that on several occasions, he purchased bundles of 25 gift cards from street vendors in Brooklyn, New York, and was directed by an unidentified person to an internet website to 'activate' the cards"); id. ¶ 11 ("on January 12, 2016, the defendant submitted a written statement of acceptance of responsibility for his instant conduct"); id. ¶ 12 ("On November 24, 2014, the defendant provided an unprotected statement to agents. On December 9, 2015, and May 17, 2016, the defendant provided protected statements to agents.").

Petitioner further argues he is entitled to an evidentiary hearing on all issues and to "discover[] . . . evidence [that] will corroborate Defendant's version of events" regarding the interrogation of petitioner on the day of his arrest. (DE 72 at 3). However, the magistrate judge thoroughly addressed the interrogation in question based on petitioner's version of events. (See DE 67 at 10-17). Thus, petitioner is not entitled to an evidentiary hearing where the record conclusively shows petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). (In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").[2]

---

[2] The court does not address petitioner's argument regarding the scope of the search conducted on the day petitioner was arrested where petitioner's arguments repeat arguments previously made to the magistrate judge, where the magistrate judge fully addressed petitioner's arguments, and where petitioner has no specific objections to the M&R. (See DE 67 at 16-17); Orpiano, 687 F.2d at 47.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.[3]

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the M&R. The government's motion to dismiss (DE 63) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence (DE 55) is DENIED. Petitioner's motion for issuance of subpoena (DE 56) is DENIED as MOOT. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] Given the court's holding above, the court denies as moot petitioner's motion for issuance of subpoena. (DE 56).